```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| **TRINA SCORZA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-8155** |
| **STATE FARM FIRE AND CASUALTY COMPANY, ET AL.** | **SECTION B(2)** |

### ORDER

Before the Court is Plaintiff's Motion To Remand. (Rec. Doc. No. 17). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion is **GRANTED.**

### *BACKGROUND*

On or about August 29, 2005, Hurricane Katrina caused extensive damage to Plaintiff's property. Plaintiff's State Farm Fire And Casualty Company ("State Farm") homeowner's insurance was effective on August 29, 2005.

On August 28, 2006, Plaintiff filed suit against Defendants State Farm, Lisa Campbell, and AAA Contractors in the Civil District Court For The Parish Of Orleans. Plaintiff asserted breach of contract and bad faith claims against Defendant State Farm. Plaintiff further asserted claims of negligence for failing to procure adequate insurance and failing to properly advise Plaintiff regarding insurance coverage against Defendant Lisa Campbell, Plaintiff's insurance agent. Defendant State Farm

1

removed the matter to federal court claiming federal subject matter exists pursuant to diversity of citizenship and federal question jurisdiction.

State Farm contends diversity of citizenship jurisdiction exists as the amount in controversy exceeds $75,000.00 and complete diversity exists between proper parties.  State Farm argues Campbell, the sole non-diverse defendant, was improperly joined. State Farm further contends that federal question jurisdiction exists pursuant to 42 U.S.C. § 4072 as this case involves the administration of an existing National Flood Insurance Policy.

Plaintiff contends Campbell was properly joined as a defendant, therefore, diversity of citizenship is destroyed. Further, Plaintiff contends 42 U.S.C. § 4072 is not applicable because Plaintiff's claims against Defendant State Farm solely relate to Plaintiff's homeowner's insurance policy. Therefore, Plaintiffs claim this Court lacks jurisdiction and moves the Court to remand.

### *DISCUSSION*

**A.    Improper Joinder**

Civil actions may be removed from state court when the United States district courts have original jurisdiction.  28 U.S.C. § 1441(a).  However, when original jurisdiction is not founded on a claim "arising under the Constitution, treaties or laws of the United States," the action is removable "only if none of the

parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b). All of the requirements of diversity jurisdiction contained in 28 U.S.C. § 1332 must be satisfied to remove a case based on diversity. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

An analysis of whether an in-state defendant is properly joined must focus on the joinder, "not the merits of the plaintiff's case." *Id.* at 573. The test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id* at 573. A court may conduct a "Rule 12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis for recovery. *Id.* "In that respect, it is well settled that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Laroquette v. Cardinal Health 200, Inc.*, 2006 WL 2807024 (5th Cir. 2006)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Any doubt as to federal jurisdiction should be resolved in favor of remand. *Manguno v. Prudential Property Casualty Ins. Co.*, 276 F.3d

3

720, 723 (5th Cir. 2002).

State Farm argues Plaintiff failed to state a viable claim against Campbell. "Pleadings are to be construed to do substantial justice." *Hill v. North-central Area Vocational School*, 310 So.2d 104 (La. 1975)(citing La. Code Civ. Proc. art. 854).[1] A petition is only required to state material facts upon which a cause of action is based. *Id.* (citing La. Code Civ. Proc. art. 891). Plaintiff allegedly made and/or requested changes related to the insurance policy limits and or scope of coverage within the last three years, *inter alia*.[2] Further, Plaintiff allegedly engaged in conversations with Campbell regarding insurance limits and scope of coverage within the last year. Plaintiff's allegations loosely assert a claim against Campbell for failing to procure requested insurance. Louisiana recognizes an agent's duty to procure requested insurance. *Karam v. St. Paul Fire & Marine Ins. co., 281 So.2d 728 (La. 1973)*. Although State Farm submitted affidavits disputing Plaintiff's allegations, the Court cannot conclusively determine that Plaintiff cannot prove any set of facts that may entitle Plaintiff to relief. Therefore, the Court finds Plaintiff stated a viable claim against Defendant Campbell.

---

[1]Plaintiff filed the Petition in state court. Accordingly, this Court will apply the applicable Louisiana law to interpret the allegations of Plaintiff's petition.

[2]Plaintiff's Petition For Declaratory Judgment And Damages, ¶¶ XVII and XVIII.

4

State Farm further argues that Plaintiff's claims against Campbell are preempted under Louisiana Revised Statute 9:5606. Thus, United claims defendant insurance agents are improperly joined.

La. Rev. Stat. Ann. § 9:5606 (2006) provides in pertinent part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

Plaintiff's claims are within the three year peremptive period. However, the determinative issue before the court is whether Plaintiffs should have discovered the alleged acts or omissions thereby implicating the one year peremptive period. Louisiana law imposes a duty on the insured to read and to know his insurance policy provisions. *Giardina v. Allstate Ins. Co.*, 2006 WL 3406743 (E.D.La. 2006)(citing *Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686 (La.App. 12/6/95).

In *Giardina v. Allstate Ins. Co.*, 2006 WL 3406743 (E.D.La. 2006), the court contemplated whether plaintiffs' non-diverse insurance agent was improperly joined as a defendant. Removing defendant proffered the argument that plaintiffs' claims against the insurance agent were perempted under Louisiana Revised Statute § 9:5606. *Id*. The Court noted that further factual development may establish that Plaintiffs reliance upon the agent to provide adequate insurance coverage may be well-founded and may excuse Plaintiffs failure to discover the alleged omission notwithstanding the policy language. Therefore, the Court held the claims against the agent had not perempted and the agent was not improperly joined.

Similarly, Plaintiff alleges Campbell failed to procure adequate insurance. Without further factual development regarding the basis for Plaintiff's reliance and whether or not the reliance was well founded, the Court cannot conclude that Plaintiff has no possibility of recovery against the in-state defendant.

Therefore, the Court finds the defendant insurance agents were not improperly joined.

**B.   Jurisdiction pursuant to 42 U.S.C. § 4072.**

Defendant State Farm contends federal subject matter jurisdiction exists as State Farm is a private Write Your Own insurance company and Plaintiff's claims arise out of the

administration of a National Flood Insurance Policy ("NFIP"). However, Plaintiff contends claims against Defendant State Farm arise out of the administration of Plaintiff's homeowner's insurance and, therefore, the National Flood Insurance Act is not applicable.

While the Court recognizes the preemptive nature of the National Flood Insurance Act over actions arising out of claims handling of a Write Your Own ("WYO") flood insurance policy, the claims asserted by Plaintiff fall outside of the scope of jurisdiction afforded by 42 U.S.C. 4072. Section 4072 specifically provides jurisdiction for those claims arising out of flood insurance claims handling. Further, federal regulations clarify that the purpose of exercising federal jurisdiction over actions arising out of WYO claims handling is to accomplish "uniformity in the interpretation and standards applicable to the policies and their administration." 65 Fed.Reg. 60767 (Oct. 12, 2000). Here, the limited reference to flood insurance in Plaintiff's Petition is restricted to Plaintiff's assertions against Campbell for the alleged failure to procure adequate insurance. The terms and claims handling of Plaintiff's flood insurance contract are not at issue. Plaintiff's claims relative to claims handling arise out of Plaintiff's homeowner's insurance policy. The Court declines to enlarge the scope of federal jurisdiction pursuant to 42 U.S.C. 4072 to claims asserted under state law against an insurance agent

for the alleged negligent failure to procure adequate insurance. Therefore, the Court finds federal jurisdiction does not exist pursuant to 42 U.S.C. 4072.  Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion To Remand is **GRANTED**.

New Orleans, Louisiana this 29th day of January, 2007.

UNITED STATES DISTRICT JUDGE